IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIRI V. PRUSA, ELANY A. PRUSA<br><br>　　　　Defendants.<br>_____ | Civil No. 2:06-CV-00263-FCD-KJM-PS<br><br>**FINDINGS AND RECOMMENDATIONS** |

　　　　Plaintiff's motion for summary judgment came on regularly for hearing July 19, 2006.  G. Patrick Jennings, trial attorney, Tax Division, United States Department of Justice, appeared telephonically for the United States.  Defendants Jiri and Elany Prusa did not appear.  Upon review of the motion and the documents in support and opposition, upon hearing the argument of counsel and good cause appearing therefore, the court finds as follows:

I.  Introduction

　　　　On February 7, 2006, the United States filed a complaint seeking a judgment that UCC financing statements filed by defendants are null, void, and of no legal effect, and seeking an order enjoining them from similar filings.  Defendants were personally served with process on April 11, 2006.  Defendants filed numerous documents in this case.  On May 19, 2006, the United States filed a motion for summary judgment supported by the declaration of a

government employee.

   This court has jurisdiction over this action based on 28 U.S.C. § 1345 and 26 U.S.C. § 7402.  The action was referred to this court under Local Rule 72-302(c)(21).

## II. Standards for a Motion for Summary Judgment

   Federal Rule of Civil Procedure 56(c) states that judgment in favor of the moving party is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law."  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)

   The evidence of the party opposing summary judgment is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the party opposing summary judgment.  Anderson, 477 U.S. at 255.  Inferences will not be drawn out of the air, however; it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd 810 F.2d 898 (9th Cir. 1987).

   To survive a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the evidence produced by the non-moving party is "merely colorable, or is not significantly probative," summary judgment is proper.  Anderson, 477 U.S. at 249-50.

## III. Findings of Fact

   1. Gregory Gillen is a Revenue Officer with the Internal Revenue Service.  As part of his official duties, on November 14, 2003, Gillen was assigned to collect Jiri V. Prusa and Elany A. Prusa 's income tax liabilities for the 1997, 1998, 1999, 2000 and 2001 tax years.  (Gillen Decl., ¶ 1).

   2. Mark Everson is the Commissioner of Internal Revenue.  He has had no contact with the Prusas. (Gillen Decl., ¶ 2).

/////

3.      On the following dates, Jiri V. Prusa and Elany A. Prusa filed with the Secretary of State of the State of California UCC Financing Statements.

| Filing Date | Filing Number | Sham Debt |
|---|---|---|
| November 1, 2004 | 04-7004388983 | $360,813,395.52 |
| February 18, 2005 | 05-7016468421 | $360,813,395.52 |

The UCC Financing Statements purport to impose a lien in an amount exceeding $360 million, and falsely describe as debtors the following persons: Revenue Officer Gregory Gillen and Mark Everson, Commissioner of the Internal Revenue Service (the "named persons"). (See certified copies attached as Exhibits A - B to the Jennings Decl.)

4.      The named persons are not personally acquainted with Jiri V. Prusa and Elany A. Prusa and have had no contact or relationship with them outside the scope of their official duties. (Gillen Decl.).

5.      The named persons have not engaged in any contract or personal transaction with Jiri V. Prusa and Elany A. Prusa and do not owe money to the Prusas.  There is no legitimate reason for the Prusas to impose a lien on the personal property of the named persons. Id.

6.      Revenue Officer Gillen is aware of the false UCC Financing Statements that the Prusas have filed with the California Secretary of State.   The documents have caused him to experience distress and anxiety.  For example, Gillen is concerned that the Prusas' Financing Statements may have a negative impact on his permanent credit record. Id.

IV.  Analysis

Section 7402(a) of the Internal Revenue Code[1] specifically grants district courts jurisdiction "to make and issue in civil actions, writs and orders of injunction . . . and such other orders and processes, and to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws" (emphasis added).  I.R.C. § 7402(a); see Ryan v. Bilby, 764 F.2d 1325, 1327 (9th Cir. 1985).  Courts are empowered "to

---

[1] Title 26 of the United States Code, hereinafter I.R.C.

void common-law liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes." Ryan, 764 F.2d at 1327; see also Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985), cert. denied, 476 U. S. 1183 (1986); United States v. Ekblad, 732 F.2d 562, 563 (7th Cir. 1984); United States v. Hart, 701 F.2d 749, 750 (8th Cir. 1983); United States v. Van Dyke, 568 F. Supp. 820, 821 (D. Or. 1983) (enjoining the filing of common-law liens to harass IRS employees and thereby deter enforcement of the tax laws).

Defendants have provided no evidence demonstrating that the UCC Financing Statements are based on legitimate debt or law, or controverting the facts set forth above. Rather, defendants have provided documents that appear to have been created by defendants, none of which were adjudicated in a court of law. It appears defendants claim that a debt arose as a result of the failure of the employees to respond when defendant mailed documents to them. However, the courts do not recognize the legality of such a "lien." United States v. Andra, 923 F.Supp. 157, 159-60 (D. Idaho 1996). Defendants have not provided any evidence of a contractual or other legal relationship with any IRS employee to establish the validity of the UCC Financing Statements filed by defendants.

After carefully reviewing the record, this court finds that the UCC Financing Statements filed by defendants are a frivolous device used to harass government employees. Thus, the Financing Statements are an attempt to impose a non-consensual, non-judicial, and non-statutory lien that should be declared null and void. Because there are no genuine issues of material fact in dispute, plaintiff's motion for summary judgment should be granted. The "lien" placed by defendant on the IRS employee's property has no basis in law or fact. Section 7402(a) of the Internal Revenue Code allows the court to nullify such liens from public records.

V.  Injunction

Plaintiff also seeks an injunction enjoining defendants from filing any document or instrument that purports to create a non-consensual lien or encumbrance of any kind against any employee of the federal government. Injunctive relief is available to a party who demonstrates "(1) that it has suffered an irreparable injury; (2) that remedies available at law,

such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay, Inc. v. MercExchange, LLC., ___ U.S. ___, 126 S.Ct. 1837 (2006).

Plaintiff has demonstrated success on the merits as noted above. The action of the defendants, in filing the UCC Financing Statements, imposes irreparable harm upon the employees of the federal government with whom the defendant quarrels. This false lien potentially clouds title to property and damages the IRS employee's credit rating as well. This harassment may tend to deter IRS employees from performing their tax collection functions, and, at a minimum, wastes time that they could spend on proper official duties. These false liens "threaten substantial interference with the administration and enforcement of the internal revenue laws." United States v. Hart, 545 F. Supp. 470, 473 (D.N.D. 1982), aff'd, 701 F.2d 749 (8th Cir. 1983).

The government employees and the United States will suffer harm if an injunction is not granted. Because the UCC Financing Statements have no factual or legal basis and thus are of no legal effect, defendants will not be injured by an injunction that bars them from filing similar non-consensual or non-statutory liens in the future. See In re Martin-Trigona, 763 F.2d 140, 141-42 (2d Cir. 1985), cert. denied, 474 U.S. 1061 (1986). Thus the balance of hardships tips in plaintiff's favor.

Finally, this court finds that the public interest will be served by an injunction forbidding this harassment in the future. Section 7402(a) of the Internal Revenue Code authorizes this court to enter injunctions that are necessary or appropriate for the enforcement of the internal revenue laws. Hart, 701 F.2d at 750. Harassment of federal employees in their personal lives by filing false liens shall not be tolerated.

/////
/////
/////

VI. Recommendation

Based on the foregoing IT IS HEREBY RECOMMENDED THAT:

1. Plaintiff's motion for summary judgment be granted and judgment for plaintiff be entered on all claims.

2. The following UCC Financing Statements be adjudged and declared null, void and without legal effect:

| Filing Date | Filing Number | Sham Debt |
|---|---|---|
| November 1, 2004 | 04-7004388983 | $360,813,395.52 |
| February 18, 2005 | 05-7016468421 | $360,813,395.52 |

3. Leave be granted to file the order or judgment with the California Secretary of State, any county clerk's office, assessor's office, or other public registry where such liens have or will be filed by defendants.

4. Jiri V. Prusa and Elany A. Prusa be permanently enjoined from filing, or attempting to file, any document or instrument that purports to create a nonconsensual lien or encumbrance against the person or property of any government employee.

5. The United States' request for attorney's fees be granted in the amount of $3,208 as this action was caused by the defendants' vexatious conduct in filing false liens.

6. To the extent that defendants' filings constitute motions, said motions are denied for lack of factual and legal merit.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the

/////
/////
/////

1  objections shall be served and filed within ten days after service of the objections.  The parties
2  are advised that failure to file objections within the specified time may waive the right to appeal
3  the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4  Dated:  August 29, 2006.

_____
UNITED STATES MAGISTRATE JUDGE